WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| P. Leonard Bruno,<br><br>    Plaintiff,<br><br>v.<br><br>Gary Paul Abeyta,<br><br>    Defendant. | No. CV-18-01124-PHX-DGC<br><br>**ORDER** |

Plaintiff P. Leonard Bruno filed a motion to vacate an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, ("FAA") (Doc. 1), and a motion to enforce an existing temporary restraining order ("TRO") against Defendant Gary Paul Abeyta (Doc. 2). On May 30, 2018, the Court advised Plaintiff to serve the Defendant before the service expiration date on July 11, 2018, and denied other pending motions without prejudice. Doc. 12. Plaintiff then filed a motion asking the Court to reconsider its May 30 order. Doc. 14.

Plaintiff's motion has caused the Court to look more closely at this matter and the issues it raises. The Court will provide some general observations, and then ask Plaintiff to respond to several specific questions.

**I.  General Observations.**

    **A.  Subject Matter Jurisdiction over Domestic Relations.**

The Court has an obligation to determine that it has subject matter jurisdiction before acting. Plaintiff's arguments in this matter appear to concern domestic relations –

his relationship with his former husband and related partnerships. The subject of domestic relations "belongs to the laws of the States and not to the laws of the United States." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979) (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890)). "Federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question." *Id.* "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove United School Dist. v. Newdow*, 542 U.S. 1, 13 (2004). In the absence of a substantial federal question, federal courts lack subject matter jurisdiction over claims arising out of state family law. *Id.*; *De-Amor v. Cabalar*, No. 14–00272 LEK–BMK, 2014 WL 2812881, at *3 (D. Haw. June 23, 2014).

**B. Application to Vacate Arbitration.**

Among other requests, Plaintiff asks the Court to vacate an arbitration award. Doc. 1 at 1; Doc. 14 at 1.

**1. The Federal Arbitration Act.**

The FAA provides that a district court, in the district where an arbitration award was made, may issue an order vacating the award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. A court may also direct a rehearing by the arbitrators if "an award is vacated and the time within which the agreement required the award to be made has not expired." *Id.*

The FAA directs that: "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. The Act then specifically prescribes how and when a party must serve an adverse party with notice of a motion to vacate.

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. *If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.* If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 12 (emphasis added).

Courts are split on the interpretation of "service . . . as prescribed by law for service of notice of motion in an action in the same court." Some courts have held the FAA requires compliance with Rule 4. *See, e.g.*, *Carmel v. Circuit City Stores, Inc.*, No. CIV. A. 99–MC–240, 2000 WL 1201891, at *2 (E.D. Penn. Aug. 22, 2000) (applying Rule 4 to motion to vacate arbitration under § 12). Other courts have held that service is sufficient if it complies with Rule 5. *Martin v. Deutsche Bank Sec. Inc.*, 676 Fed. Appx. 27, 28-29 (2d Cir. 2017) (appellant failed to comply with Rule 5 under § 12 when he failed to provide proof that appellee agreed to accept service by email); *Nguyen v. Neiman Marcus Group, Inc.*, No. 3:10-CV-0841-N, 2011 WL 13232700, at *1-*2 (N.D. Tex. Feb. 8, 2011) (noting that application of Rule 5 to notice of motion to vacate requires proof that adverse party has consented in writing).

Courts also appear split on the service requirements in § 12 for serving notice on nonresident parties. Some courts permit compliance with Rule 4. *Technologists, Inc. v.*

*MIR's Ltd.*, 725 F. Supp. 2d 120, 126-127 (D.C. 2010) ("This Court . . . concludes that § 12 requires a party filing a motion to vacate, correct, or modify an arbitration award to serve notice on any foreign adverse party consistent with Rule 4."); *Matter of Arbitration between InterCarbon Bermuda, Ltd. & Caltex Trading & Transport Corp.*, 146 F.R.D. 64, 67 (S.D.N.Y. Jan. 12, 1993) (discussing internationalization of arbitration law and holding that "[s]ection 12 provides no method of service for foreign parties not resident in any district of the United States, and [] the proper fallback provision for service of process is Fed. R. Civ. P. 4."). Other courts have strictly adhered to the statutory text and held that service by marshal is required. *Shaut v. Hatch*, No.: 1:18 CV 420, 2018 WL 3559081, at *2-*3 (N.D. Ohio July 24, 2018) (noting that some courts permit service by Rule 4 but adhering to text of § 12 and requiring service by marshal).

Ninth Circuit law is unclear about service requirements under § 12. Interpreting identical language in 9 U.S.C. § 9, which governs serving notice of an application to confirm an award, district courts within the Ninth Circuit have taken varying approaches to service on nonresidents. *See LG Elecs. MovileComm USA v. Reliance Commc'ns.*, No. 18-cv-0250-BAS-RBB, 2018 WL 2059559, at *2-*3 (S.D. Cal. May 3, 2018) (discussing cases). Some courts have strictly adhered to the text of § 9 and required service by a marshal, and others have held that service under Rule 4 is sufficient. *Id.* at *3.

The Court has found no definitive interpretation of § 12's service requirements for residents or nonresidents by the Ninth Circuit Court of Appeals. *See Nordahl Dev. Corp., Inc. v. Salomon Smith Barney*, 309 F. Supp. 2d 1257, 1270 n.8 (D. Or. 2004) (noting that some courts have applied various service requirements under § 12 but declining to decide the issue and citing no Ninth Circuit authority); *IKON Global Markets, Inc. v. Appert*, No. C11–53RAJ, 2011 WL 9687842, at *2-*3 (W.D. Wash. July 28, 2011) (holding party must comply with "specific modes of service" in § 12, but not interpreting language, and finding party's service by email without adverse party's consent was improper).

### 2. Plaintiff's Motion.

As an initial matter, the Court cannot determine whether it has subject matter jurisdiction over Plaintiff's motion to vacate the arbitration. Given several statements throughout Plaintiff's motion, the dispute between Plaintiff and Defendant may concern a domestic relations issue. *See, e.g.*, Doc. 14 at 4, 7-8, 17, 77, 91. Plaintiff provides no other apparent basis for the Court's exercise of jurisdiction.

Plaintiff filed his motion on April 12, 2018, asking the Court to vacate "a series of arbitration awards from an arbitration that concluded in July 2016." Doc. 1 at 1. With respect to any arbitrations that concluded in July 2016, Plaintiff's motion to vacate was likely untimely because it was filed more than three months "after the award [was] filed or delivered." 9 U.S.C. § 12. Plaintiff cites no evidence in the record to the contrary.

Plaintiff seems to also refer to a second series of arbitrations which might have occurred between September 29, 2017 and April 2018. Doc. 1 at 4-5. If any of those arbitrations resulted in an award that was filed or delivered within three months of Plaintiff's filing date on April 12, 2018, his motion to vacate might be timely. But the Court cannot determine from Plaintiff's motion when any of these arbitrations concluded, whether Plaintiff was a party, the basis for his motion, and whether he seeks to vacate any awards from this time period.

### C. Motion to Enforce TRO.

On April 12, 2018, Plaintiff filed a motion to enforce an existing TRO against Defendant. Doc. 2. The TRO was issued by a California court, and Plaintiff asserts it was filed in Arizona Superior Court on February 3, 2016. *Id.* at 1, 6-7.

Plaintiff asserts the Court has jurisdiction over his motion pursuant to 28 U.S.C. § 1331. He states that a federal question arises out of the Full Faith and Credit Act. *Id.* at 2. The TRO reads "Summons (Family Law)" at the top of the page, and includes: "[t]hese restraining orders are effective against both spouses or domestic partners until the petition is dismissed." *Id.* at 8. Another heading reads, "Standard Family Law Restraining Orders." *Id.* at 9. The Court cannot discern any substantial federal issue

implicated by the TRO. The Court accordingly cannot determine whether it has subject matter jurisdiction over Plaintiff's motion.

**II.　Additional Information Plaintiff is to Provide to the Court.**

As explained above, the Court cannot determine whether it has subject matter jurisdiction over Plaintiff's claims. Nor can the Court rule on Plaintiff's motion to reconsider based on the information provided by Plaintiff.

The Court directs Plaintiff to answer the following questions. The Court advises Plaintiff to respond as clearly and concisely as possible, with citations to the record when appropriate. The Court further advises Plaintiff that if he fails to comply with the Court's order, the Court may dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-62 (9th Cir. 1992) (district court did not abuse its discretion in dismissing pro se plaintiff's complaint for failing to comply with the court's order); *Ellington v. Cali. Dept. of Corr.*, 175 Fed. Appx. 796, 796-97 (9th Cir. 2006) (applying *Ferdik* and finding no abuse of discretion in dismissal of pro se plaintiff's complaint for failing to follow court orders); *see also* L.R. 7.2(g), (i).

**A.　Questions about Plaintiff's Motion to Vacate.**

Plaintiff should answer the following questions using the same number with his corresponding answer, under a heading: "Plaintiff's Answers about his Motion to Vacate."

1. List the arbitration award(s) you are seeking to vacate.
2. For each arbitration award you are seeking to vacate, when did that arbitration conclude and when was the award filed or delivered to you?
3. For each arbitration award you are seeking to vacate, were you a party to that arbitration?
4. If you were not a party, on what basis do you seek to have the award vacated?
5. What is the basis for your motion to vacate the arbitration award(s)?

6. For each arbitration award you are seeking to vacate, identify the location where the arbitration occurred and concluded.

7. For each arbitration award you are seeking to vacate, briefly describe what the arbitration was about and the award that resulted. Include whether the arbitration concerned a family law or domestic relations matter.

8. Cite authority from within the Ninth Circuit, if any exists, permitting service of notice of a motion to vacate under Rule 5.

9. Provide evidence, if any exists, that Defendant agreed to receive notice of your motion to vacate (Doc. 1) electronically.

10. Where are you currently a resident?

11. To your knowledge, where is Defendant currently a resident?

**B. Questions about Plaintiff's Motion to Enforce the TRO.**

Plaintiff should answer the following questions using the same number with his corresponding answer, under a heading: "Plaintiff's Answers about his Motion to Enforce the TRO."

1. Is the TRO found at Doc. 2 at 8-9 the TRO you are seeking to enforce?

2. If not, does the TRO you are seeking to enforce concern a family law or domestic relations related matter? If not, what does the TRO concern?

3. If the TRO you are seeking to enforce concerns a family law or domestic relations related matter, state the basis for the Court's subject matter jurisdiction.

**IT IS ORDERED** that Plaintiff shall file a memorandum responding to the Court's questions by **November 16, 2018**. Plaintiff's memorandum shall not exceed 12 pages.

Dated this 31st day of October, 2018.

_David G. Campbell_
David G. Campbell
Senior United States District Judge